UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALDINE K. WEITLAUF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV407SNL |
| ) | |
| PARKWAY SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff has filed this employment discrimination action alleging that she was denied a promotion and ultimately terminated from her employment on the basis of gender, age, and retaliation in violation of Title VII and the Age Discrimination in Employment Act (ADEA). She further alleges that she was denied equal pay for equal work in violation of the Equal Pay Act (EPA). This matter is before the Court on the defendant's motion to exclude the testimony and report of Wade Weitlauf (#25), filed January 25, 2008. As of today's date, plaintiff has failed to file a response. This cause of action is set on the Court's jury trial docket of July 14, 2008.

In this employment discrimination action, plaintiff apparently intends to introduce her son Wade Weitlauf as an expert economist regarding plaintiff's alleged economic damages, such as loss wages, back pay damages, retirement losses, and future compensation losses. Defendant seeks to exclude Mr. Weitlauf's expert testimony and report because he is not qualified to proffer expert evidence regarding economic losses as asserted by the plaintiff, his proffered evidence is unreliable, and his testimony would not be useful to the trier of facts. After careful consideration of the matter, the Court will grant the defendant's motion.

The admissibility of expert is governed by Federal Rule of Evidence 702 and the principles set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Rule 702 provides in relevant part:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Although governed by Rule 702, under Eighth Circuit law, "[d]ecisions concerning the admission of expert testimony lie within the broad discretion of the trial court." Anderson v. Raymond Corp., 340 F.3d. 520, 530 (8th Cir. 2003)(internal quotations and citations omitted); *see also*, Wagner v. Hesston Corp., 450 F.3d. 756, 758 (8th Cir. 2006). As a preliminary matter, the proponent of the expert testimony has the burden to show by a preponderance of the evidence that the testimony is admissible under Rule 702 (and presumably also the principles set forth in Daubert). Lauzon v. Senco Prods., Inc., 270 F.3d. 681, 686 (8th Cir. 2001); Sappington v. Skyjack, Inc., 446 F.Supp.2d. 1059, 1061 (W.D.Mo. 2006).

Pursuant to Daubert, *supra.*, trial courts must serve as "gatekeepers to `insure that proffered expert testimony is both relevant and reliable.'" Wagner, at 758 *citing* Anderson v. Raymond Corp., at 523 (*quoting* Dancy v. Hyster Co., 127 F.3d. 649, 652 (8th Cir. 1997)). In Daubert, the Supreme Court set forth a number of factors that a district court may consider in assessing relevancy and reliability: (1) whether the theory can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether the theory has been generally accepted in the relevant

2

scientific community. Daubert, 509 U.S. at 593-94. Post-Daubert cases provide additional factors, including "whether the expertise was developed for litigation or naturally flowed from the expert's research.". Wagner, at 758 *quoting* Lauzon, at 687.

Since the plaintiff did not file a response to the instant motion, she has clearly failed to carry her burden to prove the admissibility of Mr. Weitlauf's expert testimony by a preponderance of the evidence. Furthermore, the evidence before this Court clearly shows that Mr. Weitlauf lacks the education and/or economics background to be qualified as an expert economist regarding the plaintiff's alleged economic damages. He is employed as a bank official with a bachelor's degree in Finance. He has never before 1) prepared an economic loss evaluation for any individual; 2) never taught a class on evaluating the types of economic losses alleged in this lawsuit; and 3) has never been hired as an economic loss expert or ever testified as an economic loss expert. He has no formal training in the field of economic losses as alleged in this lawsuit, no experience or practical knowledge that would provide him with some level of expertise in such a field; thus, he fails to meet the criteria of Rule 702 and/or Daubert. It appears to this Court that his "expertise" was developed solely for purposes of his mother's lawsuit. Furthermore, Mr. Weitlauf's analysis was done solely on the basis of information supplied to him by the plaintiff. He failed to consult or obtain any objective information regarding his mother's employment status such as her salary and value of her retirement benefits. His "valuations" were primarily calculated using the Missouri Public School Retirement System's website without any independent verification or even a real understanding as to the mechanics of the website's protocol for calculating retirement benefits. In fact, he conceded at his deposition that several of his calculations were "estimates". Finally, as her son, Mr. Weitlauf is listed as a primary beneficiary

3

on plaintiff's retirement account, and a named beneficiary in her will. Thus, his expert testimony is not objective since he has a financial stake in her recovery of economic damages in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to exclude the testimony and expert report of Wade Weitlauf (#25) be and is **GRANTED.** Mr. Weitlauf will not be allowed to give expert testimony, whether verbal or written, in support of any dispositive motion nor at trial.

Dated this   26th   day of February, 2008.

$\qquad$ /s/ Stephen N. Limbaugh $\qquad$
SENIOR UNITED STATES DISTRICT JUDGE