## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| GERALDINE K. WEITLAUF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV00407 ERW |
| | ) | |
| PARKWAY SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to reopen the time for filing an appeal. The motion will be denied.

On August 20, 2008, the Court granted defendant's motion for summary judgment and entered judgment in defendant's favor. On September 4, 2008, plaintiff notified the Court that she received a copy of the Judgment between August 21 and August 25, 2008, and that she received a copy of the Memorandum and Order associated with the Judgment on August 28, 2008. Plaintiff filed her notice of appeal on September 22, 2008. On April 1, 2009, the United States Court of Appeals for the Eighth Circuit dismissed plaintiff's appeal as untimely. Plaintiff filed her motion to reopen the time for filing an appeal on April 13, 2009.

In her motion to reopen the time for filing an appeal, plaintiff says that she understood that her notice of appeal was due within thirty days of the judgment, but she says that she did not understand how time is calculated under the Federal Rules of Appellate Procedure. Plaintiff claims that she erred because she did not count the Labor Day holiday. Plaintiff requests that the Court now reopen the time for filing an appeal because her miscalculation constitutes "excusable neglect or good cause."

Under Rule 4 of the Federal Rules of Appellate Procedure:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, *but only if all the following conditions are satisfied*:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).

In this instance, plaintiff admits that she received notice of the entry of judgment within five days of its entry. As a result, the conditions stated in Rule 4(a)(6) are not satisfied, and the Court may not reopen the time for filing an appeal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen the time for filing

an appeal [#70] is **DENIED**.

So Ordered this 15th Day of April, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE